Filed 6/25/26  P. v. Cosper CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEXY ANNE COSPER,<br>    Defendant and Appellant. | C103604<br><br>(Super. Ct. No. 24CF02007) |

Defendant Lexy Anne Cosper pled guilty to driving under the influence causing injury and received a sentence of four years four months.  She appeals, arguing the trial court denied her request for probation based on the erroneous assumption that she was presumptively ineligible for probation under Penal Code[1] section 1203, subdivision (e)(3).  The People concede error but contend remand is not required.  We vacate Cosper's sentence and remand for resentencing.

BACKGROUND

In April 2024, Cosper was driving about 30 miles an hour when she hit an adult male who was riding an electric unicycle at a crosswalk.  The victim's six-year-old son was also at the crosswalk on a bicycle but narrowly avoided being hit.  Surveillance footage showed Cosper driving through the stop sign and colliding with the victim,

---

[1] Undesignated statutory references are to the Penal Code.

1

ejecting him from the unicycle and throwing his body 10 to 15 feet. The victim suffered numerous facial injuries as a result, requiring extensive reconstructive surgery. Cosper refused to submit to a breath alcohol test, but her blood alcohol concentration was later measured at between 0.380 and 0.384 percent.

A complaint deemed an information charged Cosper with driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a); count 1) and driving with a blood-alcohol content of 0.08 percent or higher (Veh. Code, § 23153, subd. (b); count 2). On both counts the information alleged enhancement allegations that Cosper had a blood-alcohol content of 0.15 percent or higher (Veh. Code, § 23578) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

Cosper pled no contest to driving under the influence of alcohol causing injury (count 1), admitted the enhancements, and agreed that the court could find any aggravating factors, in exchange for a maximum sentence of six years.

The probation department filed a report stating Cosper was presumptively ineligible for probation under section 1203, subdivision (e)(3) because she admitted an enhancement for inflicting great bodily injury. It recommended the middle term of two years, plus three years on the great bodily injury enhancement, for a total of five years in state prison. The probation department discussed the criteria affecting probation under California Rules of Court,[2] rule 4.414(a), finding, among other things, that: (1) the instant offense was more serious than other instances of the same crime; (2) Cosper inflicted physical injury; (3) the victim sustained an estimated $15,804 in losses, plus dental expenses; and (4) Cosper was an active participant.

The probation department also discussed the criteria affecting probation under rule 4.414(b), finding: (1) Cosper's prior criminal record consisted of one misdemeanor

---

[2] Further rule references are to California Rules of Court.

offense; (2) she had never been on supervised release; (3) she expressed a willingness to comply with probation; (4) she had the ability to comply with probation; (5) imprisonment would have a substantial effect as Cosper had recently given birth; (6) she would suffer collateral consequences since this was her first felony; (7) she had expressed remorse; and (8) she was a danger to others if not imprisoned. However, the department reported that if Cosper was not subject to section 1203, subdivision (e)(3), it would have recommended probation.

Defense counsel filed a statement in mitigation requesting probation. Counsel noted the probation department's determination that she was presumptively ineligible for probation but argued that her case presented factors supporting an unusual case finding under rule 4.413, and the totality of circumstances justified probation. Counsel also noted, among other things, Cosper's history of substance abuse, young age, lack of significant criminal history, and purported low risk of reoffending if in treatment.

Defense counsel also attached a psychologist's report detailing Cosper's history of abuse and trauma, medical issues, alcohol abuse, prior mental health treatment, and efforts at sobriety. The psychologist diagnosed her with severe alcohol use disorder, posttraumatic stress disorder, generalized anxiety disorder, major depressive disorder, and a neurocognitive disorder due to a traumatic brain injury. The psychologist recommended against incarceration because of Cosper's remorse, progress towards sobriety, role as a primary caregiver, and low risk of recidivism or danger to society.

At sentencing, defense counsel recounted Cosper's background and once again argued for probation while acknowledging, "this case as the Court is well aware is a prison presumptive case." After defense counsel argued for probation, the victim testified regarding his injuries and the ongoing impact of the accident and argued that treatment, not prison, was appropriate to protect the public. The People then argued a prison sentence was necessary for the safety of the public.

3

The trial court stated it had read and considered the probation report, the psychologist's report, and Cosper's statement in mitigation. The trial court found Cosper was presumptively ineligible for probation under section 1203, subdivision (e)(3), and found that she did not meet any of the unusual circumstances and therefore denied probation. The court then stated that "even if the defendant were not presumptively ineligible for probation, probation would be denied due to the nature, seriousness and circumstances of this case."

The court noted that Cosper had stipulated to the court finding aggravating factors at sentencing, and it acknowledged Cosper's history of trauma, including abuse, neglect, exploitation, or sexual violence. Because of that trauma, the court considered whether to impose the lower term under section 1170, subdivision (b)(6), and found that the circumstances in mitigation did not outweigh the circumstances in aggravation under rules 4.421 and 4.423. The court found in aggravation that (1) the crime involved great violence, great bodily harm, threat of great bodily harm or other act disclosing a high degree of cruelty, viciousness, or callousness, (2) the victim was particularly vulnerable, and (3) the crime involved damaging or taking of great monetary value. The court found in mitigation that Cosper had a minimal or insignificant prior criminal record with one prior misdemeanor and no felony convictions.

The court sentenced Cosper to prison for the low term of 16 months on count 1 plus three years for the great bodily injury enhancement under section 12022.7, subdivision (a), for an aggregate sentence of four years four months. Cosper timely appealed and did not request a certificate of probable cause.

After Cosper appealed, she moved to recall and reconsider her sentence under section 1172.1, arguing, among other things, that the court had erroneously determined she was presumptively ineligible for a grant of probation under section 1203,

4

subdivision (e)(3), and the court and the parties had relied on this erroneous assessment at sentencing.[3]  The trial court summarily denied the request.

DISCUSSION

Cosper contends remand is required for resentencing because the trial court denied probation based on the erroneous determination that she was presumptively ineligible for probation.  The People concede error but argue remand is not required because Cosper forfeited this challenge and the record clearly indicates the trial court would have denied probation regardless.  Despite Cosper's failure to preserve the issue below, we review her contention on the merits to forestall an ineffective assistance of counsel claim.  (*People v. Crittenden* (1994) 9 Cal.4th 83, 146.)

All defendants are eligible for probation, in the discretion of the sentencing court, unless a statute provides otherwise.  (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.)  Some statutes bar probation absolutely, while others provide that a defendant is ineligible except in unusual cases where the interests of justice would be served.  (*Ibid*.)  Here, the trial court apparently relied on the probation report and defense counsel to conclude section 1203, subdivision (e)(3) rendered Cosper ineligible for probation.

Section 1203, subdivision (e), provides in relevant part, that "[e]xcept in unusual cases in which the interests of justice would best be served if the person is granted probation, probation shall not be granted to … [¶] … [a]ny person who willfully inflicted great bodily injury or torture in the perpetration of the crime of which that person has been convicted."  (§ 1203, subd. (e)(3).)  By its terms, section 1203, subdivision (e)(3) renders a defendant conditionally ineligible for probation only when there has been a finding the injury was willful, i.e., intentional.  (§ 1203, subd. (e)(3); *People v. Lewis* (2004) 120 Cal.App.4th 837, 854.)  Here, there was no such finding, and the People

---

[3]  We grant Cosper's unopposed request for judicial notice filed February 2, 2026.  (Evid. Code, §§ 452, subds. (c), (d).)

5

concede that Cosper's no contest plea does not establish that she admitted to willfully inflicting great bodily injury on the victim. Thus, absent any additional findings by the trial court, section 1203, subdivision (e) did not render Cosper presumptively ineligible for probation, and the trial court erred in applying that presumption.

We next consider whether the trial court's application of an erroneous standard of probation eligibility entitles Cosper to a new sentencing hearing. Where "the sentencing court bases its determination to deny probation in significant part upon an erroneous impression of the defendant's legal status, fundamental fairness requires that the defendant be afforded a new hearing and 'an informed, intelligent and just decision' on the basis of the facts." (*People v. Ruiz* (1975) 14 Cal.3d 163, 168, italics omitted; see also *People v. Manriquez* (1991) 235 Cal.App.3d 1614, 1620.)

The People concede the trial court's error, but argue remand is not required because the trial court determined that it would deny probation even if Cosper was not presumptively ineligible given the factors in aggravation and mitigation under rule 4.414. We do not think the record is so clear. While the trial court did enumerate a number of the criteria set forth in rule 4.414, and focused on the prevalence of aggravating factors, the court also expressly invoked the presumptive ineligibility standard of section 1203, subdivision (e)(3), and stated its decision was based on the absence of unusual circumstances that would warrant granting probation. The probation department also specifically stated that it would have recommended probation if not for the presumption against probation, and the victim argued against a prison sentence. On this record, we cannot say the trial court's error was not a significant factor in the decision to deny probation.

Here, the record demonstrates the trial court misunderstood the scope of its discretion and may have relied upon the error to deny probation. (See *People v. Ruiz*, *supra*, 14 Cal.3d at p. 168; *People v. Manriquez*, *supra*, 235 Cal.App.3d at p. 1620 [remand for resentencing required due to mistaken application of § 1203, subd. (e)(1)].)

6

A new sentencing hearing is therefore necessary for the trial court to consider Cosper's probation request under the appropriate legal standard. (*People v. Downey* (2000) 82 Cal.App.4th 899, 912 ["[w]here, as here, a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination"].)

## DISPOSITION

The sentence is vacated and the case is remanded to the trial court for resentencing in a manner consistent with this opinion. The judgment is otherwise affirmed.

/s/ _____
BOULWARE EURIE, J.

We concur:

/s/ _____
KRAUSE, Acting P. J.

/s/ _____
MESIWALA, J.